UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARRELL CHAMBERS,
    Plaintiff,

vs.                                      Case No.: 1:22cv00138/AW/ZCB

OFFICER DAVID BRICE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated at the Alachua County Jail. He has filed this *pro se* civil rights action under 42 U.S.C. § 1983. (Doc. 1). Currently before the Court is Plaintiff's second amended complaint.[1] (Doc. 17). Because Plaintiff is an inmate proceeding *in forma pauperis*, the Court is required to screen Plaintiff's second amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915A; *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner

---

[1] Plaintiff labeled his pleading as the "third" amended complaint, but because it is the second time Plaintiff has amended his complaint, the Court will disregard Plaintiff's label and refer to it as the second amended complaint (which is how it has been docketed). (*See* Doc. 17 at 1).

1

complaints"). After reviewing the second amended complaint, the undersigned recommends dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[2]

## I. Background

Plaintiff names three Gainesville police officers as Defendants in the second amended complaint. They are Officers Brice, Clark, and Bernal. (Doc. 17 at 1-3). Defendants have been sued solely in their official capacities for $3.5 million dollars. (*Id.* at 2-3, 7).

Plaintiff alleges that on August 13, 2020, at approximately 3:30 p.m., Defendants "illegally detained [Plaintiff] by a very vague bolo." (*Id.* at 5). Plaintiff claims that he was "used in a 'show-up' identification procedure" that was "unnecessary (sic) suggestive." (*Id.*). Plaintiff alleges "the bolo provided by officers Brice and Clark was not sufficient to justify a brief stop of Plaintiff because description (sic) provided by both officers was to (sic) vague." (*Id.*). Additionally, Plaintiff alleges Defendant Bernal conducted an "unlawful search" and recovered a

---

[2] The Court has previously provided Plaintiff with an opportunity to amend after explaining to him deficiencies in his prior pleadings. (Doc. 15). Nonetheless, Plaintiff's second amended complaint still fails to state a claim upon which relief could be granted. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

"polo shirt." (*Id.*). Plaintiff's second amended complaint does not specify what person, house, paper, or effect was searched that led to the seizure of the polo shirt. (*Id.*).

## II.     Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to

3

be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A. Plaintiff has failed to plausibly allege a Fourth Amendment violation.**

Plaintiff's second amended complaint fails to plausibly allege a violation of the Fourth Amendment. Plaintiff claims that he was unlawfully stopped and searched.[3] (Doc. 17 at 5). The stop was allegedly based on a BOLO[4] containing a "vague" description. (*Id.*). And all Plaintiff says about the search is that it was "unlawful." (*Id.*). He does not explain why it was unlawful, nor does he explain the circumstances that led to the discovery of the polo shirt. (*Id.*). Such broad and conclusory allegations do not provide enough detail to plausibly allege a Fourth

---

[3] Plaintiff similarly complains of "show-up" procedures that he alleges were "unnecessary (sic) suggestive." (Doc. 17 at 5). Whether show up procedures are unnecessarily suggestive is governed by the due process clause and not the Fourth Amendment. *See United States v. Whatley*, 719 F.3d 1206, 1215-17 (11th Cir. 2013) (discussing the law regarding show-up procedures). Like Plaintiff's search and seizure allegations, Plaintiff's unnecessarily suggestive show-up argument is vague and conclusory. Plaintiff simply claims the show-up procedure in his case was unnecessarily suggestive, but he provides no factual details to support that conclusion. (*See* Doc. 17 at 5). Such a conclusory recitation of the elements of a claim is insufficient to plausibly allege a claim for relief. *See Iqbal*, 556 U.S. at 681.
[4] "BOLO" is a common abbreviation for a "be on the lookout" issued by law enforcement.

Amendment violation. *See Wright v. Dodd*, 438 F. App'x 805, 806 (11th Cir. 2011) (holding that conclusory allegations are insufficient to sustain a Fourth Amendment claim).

The Court previously advised Plaintiff that he needed to provide more details regarding the allegedly unlawful search and seizure. (*See* Doc. 15 at 4-6). Yet his second amended complaint still contains nothing more than vague and conclusory allegations without supporting factual details. The allegations in the second amended complaint are insufficient to enable "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, dismissal for failure to state a claim is warranted.

## B. Plaintiff's second amended complaint fails to plausibly allege a municipal liability claim.

Additionally, Plaintiff's second amended complaint is subject to dismissal because it fails to plausibly allege a municipal liability claim. As previously mentioned, Plaintiff has sued Defendants—city police officers—in their official capacities only. (Doc. 17 at 2-3). When a plaintiff in a § 1983 action sues a municipal employee (like a city police officer) in the employee's official capacity only (as opposed to individual capacity or both), then the lawsuit is treated as a claim against the municipality itself. *See Busby v. City of Orlando*, 931 F.2d 764, 776

(11th Cir. 1991) (explaining that official capacity suits "against municipal officers are therefore, in actuality, suits directly against the city that the officer represents"); *see also Wright v. Cardenas*, 811 F. App'x 612, 613 (11th Cir. 2020) ("An official-capacity suit against a police officer or government official is a suit against the officer's employer—the government entity—so here the Fourth Amendment excessive force claims against the officers were municipal liability claims against the City."). To prevail on a § 1983 claim against "a municipality, a plaintiff must show: (1) that his constitutional rights were violated;" (2) "the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). This rule was originally announced in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and § 1983 claims against municipalities are commonly referred to as *Monell* liability claims.[5]

    Looking to the first requirement, Plaintiff's vague and conclusory allegations do not plausibly state a Fourth Amendment claim. Additionally, Plaintiff's second amended complaint does not allege a policy, custom, or practice of the City of

---

[5] Plaintiff was previously advised that suing a municipal employee in his official capacity only was effectively a suit against the municipality. (Doc. 5 at 7-8). And he was advised of the elements that he would need to allege in order to plausibly state a *Monell* municipal liability claim. (*Id*. at 8).

Gainesville that caused Plaintiff's alleged "Fourth Amendment violation." Plaintiff has made no allegation that the City of Gainesville has a policy, practice, or custom of using "very vague bolo[s]" or "unnecessary (sic) suggestive procedures" in "show-up[s]", nor of conducting searches that are "unlawful." (*See* Doc. 17 at 5). Rather, Plaintiff complains of an isolated incident that allegedly occurred on the afternoon of August 13, 2020. (*Id.*). An isolated incident does not establish a policy or custom for *Monell* liability purposes. *See Craig v. Floyd Cnty.*, 643 F.3d 1306, 1311 (11th Cir. 2011); *Floyd v. City of Miami Beach*, 730 F. App'x 838, 842 (11th Cir. 2018) (holding a *pro se* plaintiff failed to plausibly allege a Fourth Amendment claim against a city when the plaintiff's "own experience" of a single, isolated incident was insufficient to allege a policy or custom). Because Plaintiff has failed to plead sufficient facts to allege a municipal liability claim, dismissal is appropriate.

### C. Despite being expressly instructed to do so, Plaintiff failed to properly complete the complaint form.

As another basis for dismissal, Plaintiff has failed follow an order of the Court regarding the completion of the complaint form. On his second amended complaint, Plaintiff has failed to fill out the litigation history portion of the complaint form. (Doc. 17 at 9). The Court has previously addressed Plaintiff's failure to complete the complaint form and specifically instructed him that the complaint form needed

7

to be completely filled out. (*See* Doc. 10 at 2) ("Plaintiff must complete the civil rights complaint form **in its entirety**.") (emphasis in original). Indeed, the previously assigned U.S. Magistrate Judge issued an order requiring Plaintiff to show cause as to why his case should not be dismissed for his failure to fill out the litigation history portion of his previously filed complaint. (Doc. 5). That order informed Plaintiff of the importance of providing his litigation history on the complaint form. (*Id*. at 3-4).

Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. Question A of Section VIII asked Plaintiff if he had ever had any case in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service. (Doc. 17 at 9). Plaintiff failed to check either the "YES" or "NO" box, and Plaintiff did not list any cases in this section. (*Id.*). Thus, despite the Court expressly informing Plaintiff to do so (*see* Docs. 10, 5), Plaintiff failed to fully complete the complaint form. Plaintiff's failure to comply with the Court's instructions is grounds for dismissal. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal when "a party fails to comply with an applicable rule or court order").[6]

---

[6] Plaintiff appears to have a prior litigation history, so it is not as if he left the form blank thinking that he had nothing to report. (*See* Doc. 5 at 2) (stating that it

8

## IV.  Conclusion

For the reasons above, this case should be dismissed without prejudice for Plaintiff's failure to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

1. This action be **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 8th day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

appeared from PACER that Plaintiff had "filed two prior lawsuits, each of which was dismissed as a strike for failure to state a claim").